**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Victor Manoel Rocha De Lima,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**David Wesling, et al.,**<br><br>**Respondents.** | **Civil Action No.**<br>**26-cv-14224-NMG** |

**ORDER**

**GORTON, J.**

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Victor Manoel Rocha De Lima ("petitioner" or "De Lima"). He contends that David Wesling and other named respondents ("respondents") have subjected him to mandatory detention in violation of his rights under the Fifth Amendment to the United States Constitution.

The parties disagree as to whether petitioner is in custody pursuant to §1226(a) or §1226(c). Respondents contend that petitioner is being mandatorily detained pursuant to §1226(c)(1)(E) because he was arrested and charged with furnishing obscene matter to a minor and enticing a child under 16, in violation of Massachusetts General Laws Ch. 272, § 28 and Ch. 265, § 26C(b), respectively. Section 1226(c)(1)(E)(ii) allows

the Attorney General to take into custody any alien who is arrested or charged with

> acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person.

They simultaneously urge the court to provide the petitioner with a bond hearing, at which time an Immigration Judge can determine which section of the statute is applicable.

Aside from merely asserting that §1226(c) is applicable here, respondents fail to engage in an analysis as to why the charges against De Lima would fall within those enumerated in subsection (1)(E)(ii) of the statute. The Court agrees that an Immigration Judge is better equipped to make a final determination on a fuller record and more substantive briefing regarding the applicability of §1226(c).

Although it is unclear from the petition whether De Lima has exhausted his administrative remedies by requesting a bond hearing from the Immigration Court, the Court will construe the petition as a request for a bond hearing. Based upon the reasons set forth in Guerrero Orellana v. Moniz, No. 25-2152, 2026 WL 2352042 (1st Cir. Aug. 13, 2026), the petition for writ of habeas corpus (Docket No. 1) is therefore **ALLOWED**. The Court directs that De Lima is to be released unless he is afforded a

bond hearing that complies with the standards in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within 14 days of the date of this order.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: September 29, 2026